UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

NOV 2 2 2002

NANCY MAYEH-WHITTINGTON, CLERK
U.S DISTRICT COURT

ULICO CASUALTY COMPANY,           )
                                  )
          Plaintiff,              )
                                  )
     v.                           )     Civil Action No. 00-1409 (RWR)
                                  )
FRANK E. WILLIAMS, JR.,           )
et al.,                           )
                                  )
          Defendants.             )
                                  )

MEMORANDUM AND ORDER

     Plaintiff Ulico Casualty Company brought this action

asserting claims of breach of trust, breach of contract and

negligence against defendants Donald Schuck and Alton Insurance

Agency, Inc.,[1] and moved for leave to file a second amended

complaint.  Magistrate Judge Deborah A. Robinson recommended[2]

granting the motion, finding no undue delay or bad faith by

plaintiff, or unfair prejudice to the defendants.[3]  The

---

     Plaintiff originally sued three other defendants as
well, but has since reached a settlement of all claims by and
against them.

     Since a ruling on a motion for leave to file an amended
complaint is not dispositive of any extant claim, the report and
recommendation will be treated as an order reviewable under Fed.
R. Civ. P. 72(a).

     The Magistrate Judge declined to rule on defendants'
conclusory argument that the amendment would be futile as it
would add claims barred by a statute of limitations, finding the



176

-2-

defendants have filed objections.  Because the Magistrate Judge's

findings were not erroneous or contrary to law, the defendants'

objections will be overruled and the Magistrate Judge's Report

and Recommendation will be adopted.

BACKGROUND

Plaintiff Ulico Casualty Company, an issuer of surety bonds,

entered into a bond broker/agent agreement with defendants Alton

and Donald Schuck, whereby Alton, and its representative Schuck,

were given authority to receive proposals on behalf of Ulico for

the issuance of surety bonds.  (See Amended Complaint ("Am.

Cplt.") at ¶¶ 3, 18-19.)  Pursuant to this arrangement, Alton

introduced the Concrete Structures, Inc. ("CSI") account to

Ulico.  (See id. at ¶ 24.)  CSI was a former subsidiary of

Williams Industries, and Frank Williams sat on CSI's board of

directors.  (Id. at ¶¶ 25-26.)  The company was engaged in the

business of precast concrete subcontracting on public and private

construction projects.  (Id. at ¶ 24.)  During the period

relevant to the suit, CSI was a subcontractor on the

Herndon/Monroe Park and Ride Facility Project (the "Herndon

Project") and the Parking Structure, Washington Navy Yard Project

(the "Navy Project"), and as part of its subcontracting

_____

issue more properly raised in a dispositive motion.

obligations, sought payment and performance bonds for each
project. (Id. at ¶¶ 27-29.) Ulico alleges that in order to
induce the plaintiff to issue the bonds on behalf of CSI,
Williams and Merrifield Management Corporation ("MMC") loaned CSI
$120,000 for the purpose of increasing CSI's operating capital.
(Id. at ¶ 31.) Ulico agreed to issue the bonds, but in exchange
for this agreement, MMC and CSI executed a subordination
agreement which required the latter two parties to subordinate
all rights and claims on account of the $120,000 to all rights
and claims which Ulico might make. (Id. at ¶¶ 31, 33, 36)

During the course of its performance on the Herndon and Navy
Yard Projects, CSI apparently began to experience financial
difficulties. (Id. at ¶ 38.) Daniel Maller, who was the
secretary of MMC, opened an escrow account for Ulico, apparently
in consultation with Williams but without Ulico's consent. (Id.
at ¶¶ 39, 43.) After opening this account, Maller, allegedly at
the request of Williams, drafted two letters to himself from the
president of CSI which acknowledged Maller's appointment as
Ulico's escrow agent and authorized Maller to request that any
payments to CSI on the Navy and Herndon Projects be made to the
escrow account. (Id. at ¶ 40.) Ulico claims that Maller, again
at the request of Williams, sent letters to the general
contractors on both the Herndon and Navy Projects and directed

-4-

them to make all payments into the escrow account. (Id. at
¶ 41.)  Moreover, defendant Schuck also sent letters to the
general contractors, claiming that he was the attorney-in-fact
for Ulico and that Ulico consented to payment of project funds to
Maller and the escrow account. (Id. at ¶¶ 44-46.)  Thereafter,
the general contractors on both projects paid CSI for its work on
the Herndon and Navy Projects by forwarding funds into the escrow
account. (Id. at ¶¶ 47-48.)

Despite the fact that funds were being paid into this
account on behalf of CSI, other subcontractors and suppliers who
provided labor and/or materials on the respective projects were
not being paid. (Id. at ¶ 50.)  Ulico claims that this occurred
because Maller did not use the deposited funds in order to settle
CSI's contracting debts; instead, he allegedly used the money to
pay himself, Williams, MMC, and other parties. (Id. at ¶¶ 50-
51.)  Because of Maller's failure to pay CSI's subcontractors,
Ulico become obligated under the bonds to pay the debts on CSI's
behalf. (Id. at ¶¶ 53, 55.)  Due to its losses, Ulico has
brought this suit claiming breach of contract, tortious
interference, breach of fiduciary duty, conversion, breach of
trust, and negligence.

In the second amended complaint, Ulico includes two new
specific allegations relevant here: first, that defendants Schuck

and Alton knew that the subcontract between CSI and Driggs, the general contractor for the Herndon Project, exceeded the authority of the Ulico underwriting representative; and second, that CSI requested that Driggs remove a $530,000 cost from their subcontract in order to meet Ulico's bonding restrictions, at the request of Schuck and Alton. (<u>See</u> Second Amended Complaint ("Second Am. Cplt.") at ¶¶ 36-38.) As a result of these new allegations, plaintiff has bolstered the breach of contract and negligence claims asserted against defendants Schuck and Alton in Counts Seven and Eight. (<u>Id</u>. at ¶¶ 99, 113.)

## DISCUSSION

A district judge may modify or set aside any portion of a magistrate judge's ruling that is not dispositive of a claim only if the ruling is clearly erroneous or contrary to law. <u>See</u> Fed. R. Civ. P. 72(a); Local Civil Rule 72.2(c).

Federal Rule of Civil Procedure 15(a) provides that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). While granting or denying leave to amend is within the district court's discretion, it would be an abuse of such discretion to deny leave to amend unless there is a sufficient reason, such as undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by previous

-6-

amendments, undue prejudice to the opposing party, or futility of
amendment.  See Foman v. Davis, 371 U.S. 178, 182 (1962).

Generally, absent a strong justification for denying leave
to amend, a court should allow complaints to be amended if the
plaintiff has offered a reasonable explanation in support of
doing so.  See Hammerman v. Peacock, 607 F. Supp. 911, 917
(D.D.C. 1985); see also Sinclair v. Kleindienst, 645 F.2d 1080,
1085 (D.C. Cir. 1981)("Only limited circumstances justify a
district court's refusal to grant such leave to amend. . . .").
When determining the reasonableness of the plaintiff's
explanation, a court must assess whether amending the complaint
will result in prejudice to the opposing party.  See SEC v.
National Student Marketing Corp., 73 F.R.D. 444, 448 (D.D.C.
1977) (stating that prejudice to the opposing party is the
crucial consideration); see also Harrison v. Rubin, 174 F.3d 249,
253 (D.C. Cir. 1999).

Defendants Schuck and Alton object to the Magistrate Judge's
recommendation, arguing that amendment will be unduly prejudicial
to them.  (See Schuck and Alton Obj'n at 5.)  In cases where
amendment would have been unduly prejudicial, the plaintiffs who
sought leave to amend often did so years into the litigation, on
the eve of trial, after dispositive motions had been filed, or
when amendment would have required extensive discovery after the

-7-

period for discovery had closed.  <u>See, e.g.</u>, <u>Atchinson v.
District of Columbia</u>, 73 F.3d 418, 429 (D.C. Cir. 1996)
(upholding the district court's denial of the motion to amend
where the plaintiff "did not move to amend until nearly two years
after the filing of the complaint . . . on the eve of trial, when
discovery was complete"); <u>Anderson v. USAIR, Inc.</u>, 818 F.2d 49,
57 (D.C. Cir. 1987)(upholding the district court's decision to
deny leave to amend when the new claims were based on facts known
prior to the completion of discovery and the one claim based on
new facts had only a tangential relation to the underlying
incident); <u>Williamsburg Wax Museum, Inc. v. Historic Figures,
Inc., et al.</u>, 810 F.2d 243, 247 (D.C. Cir. 1987)(holding that the
district court did not abuse its discretion when it denied leave
to amend in a case where plaintiff moved to amend seven years
after it had filed the initial complaint, after the parties had
conducted extensive discovery, and after the district court had
already granted summary judgment against one of the parties); <u>Doe
v. McMillan</u>, 566 F.2d 713, 720 (D.C. Cir. 1977)(affirming the
district court's denial of the motion to amend when it was filed
thirty-eight months after the filing of the complaint); <u>Herman v.
Green</u>, 234 F.3d 1262, 2000 WL 1591272 at *2 (2nd Cir. Oct. 24,
2000) (finding that the court did not abuse its discretion when
denying the motion to amend in a case where third-party

-8-

plaintiffs moved to amend four years after filing their complaint, one year after filing summary judgment motions, two months after the magistrate judge issued a report and recommendation, and after the parties had engaged in extensive discovery); Gray v. St. Martin's Press, 221 F.3d 243, 253 (1st Cir. 2000)(affirming the denial of leave to amend when plaintiff moved to amend three years after filing the complaint and after extensive discovery had already occurred); Bd. of Trustees v. 909 Corp., 33 F.3d 56, 1994 WL 459567 at *6 (7th Cir. Aug. 24, 1994)(upholding denial when the motion to amend was filed five weeks into the trial, after extensive discovery had been taken, and a trial strategy had been chosen).

Unlike the cases noted above, the plaintiff has not unduly delayed in filing its motion, and while defendants may be prejudiced by granting the motion to amend, the prejudice will not be undue. First, plaintiff filed its motion to amend approximately one month and a half after discovering new facts regarding Schuck and Alton, and barely six months after filing the initial complaint. Moreover, the motion was filed one day after plaintiffs received the transcript which confirmed the information they had learned about Schuck and Alton. (See Rep. and Recomm. at 11.) Given that plaintiff filed within a

reasonable time after learning the new information, defendants
have shown no undue delay or bad faith by plaintiff.

Though additional discovery may be warranted, the prejudice
that defendants suffer will not be undue.  Only two subjects are
at issue now: Ulico's underwriting practices and the
circumstances surrounding the alleged removal of the $530,000
cost.  Further, since no summary judgment motions have been
filed, defendants will not be placed in the position of having to
change arguments that are presently before the court.  Finally,
trial is not imminent and trial strategies can still be altered.
Defendants have not shown that they will be unduly prejudiced by
the amendment.[4]

---

Defendants also claim that amendment would be futile
because plaintiff seeks to add new claims that are subject to a
three-year statute of limitations which expired prior to the
filing of this complaint.  See D.C. Code § 12-301 (1998).
Defendants have not shown error in the Magistrate Judge's finding
that the amendment would add no new claims, but would add only
new allegations based on the same operative facts.
Notwithstanding that, defendants' futility argument is undercut
by the District of Columbia's applicable "discovery" rule under
which "a cause of action accrues when the plaintiff 'must know or
by the exercise of reasonable diligence should know (1) of the
injury, (2) its cause in fact, and (3) some evidence of
wrongdoing.'"  Nelson v. American Red Cross, 26 F.3d 193, 196
(D.C. Cir. 1994).  Here, plaintiff did not learn the new
information until five months after it had filed the complaint,
and plaintiff filed the motion to amend approximately one and one
half months later.

-10-

## CONCLUSION

Defendants Schuck and Alton have failed to demonstrate that the Magistrate Judge's findings that plaintiff's motion to amend was not unduly delayed or the product of bad faith, and would cause no undue prejudice to defendant, were clearly erroneous or contrary to law.  Thus, it is hereby

ORDERED that the defendants' objections be, and hereby are, OVERRULED, and the Magistrate Judge's recommendation is ADOPTED in its entirety.

SIGNED this _22nd_ day of _November_____, 2002.

_____
RICHARD W. ROBERTS
United States District Judge